902 F.2d 27
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Donald W. BECKETT, Plaintiff-Appellant,
v.
John ARBOGAST, Randolph County Sheriff and all Jailers;
Thomas H. Gibson, Deputy Sheriff Jailer; Rich George,
Deputy Sheriff Jailer; Jeffry Rider, Deputy Sheriff Jailer,
Dan Jack, Deputy Sheriff Jailer, Defendants-Appellees.
Donald W. BECKETT, Plaintiff-Appellant,
v.
John ARBOGAST, Randolph County Sheriff and all Jailers;
Thomas H. Gibson, Deputy Sheriff Jailer; Rich George,
Deputy Sheriff Jailer; Jeffry Rider, Deputy Sheriff Jailer;
Dan Jack, Deputy Sheriff Jailer, Defendants-Appellees.
 Nos. 89-7093, 89-7171.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 25, 1990.
Decided April 17, 1990.
 
 Appeals from the United States District Court for the Northern District of West Virginia, at Elkins. William M. Kidd, District Judge. (C/A No. 81-360-E-K)
 Donald W. Beckett, appellant pro se.
 James F. Cain, Office of the Prosecuting Attorney for the County of Randolph, Elkins, W.Va., for appellees.
 N.D.W.Va.
 REMANDED.
 Before DONALD RUSSELL, MURNAGHAN and SPROUSE, Circuit Judges.
 PER CURIAM:
 
 
 1
 Donald W. Beckett, a West Virginia prisoner, appeals the district court's judgment entered in his 42 U.S.C. Sec. 1983 action. The district court entered judgment on February 21, 1989; Beckett's notice of appeal was file-stamped in the district court on March 31, 1989, eight days after expiration of the appeal period. Beckett subsequently moved for an extension of the appeal period based on excusable neglect. The district court denied this motion, and Beckett appealed the denial.
 
 
 2
 In Houston v. Lack, 487 U.S. 266 (1988), the Supreme Court held that a prisoner's notice of appeal is filed when he delivers it to prison officials for forwarding to the court. We cannot determine from the record before us when Beckett delivered his notice of appeal for mailing to the court. It is possible, however, that he delivered it for mailing, thereby filing it, on or before March 23.
 
 
 3
 Accordingly, we do not reach the question whether the district court acted within its discretion in declining to extend the appeal period, but remand the case for the district court to obtain information from the parties and make the requisite findings under Houston v. Lack. The record, as supplemented, will then be returned to this Court for further consideration.
 
 REMANDED